[File No. 6060.]

EDITH HELMING, Respondent, v. MILTON HELMING, Appellant.

(243 N. W. 791.)

Opinion filed July 25, 1932.

F. J. Funke, for appellant.

Palda, Brace & Palda, for respondent.

BURR, J. The plaintiff brings this action for divorce, charging defendant with "cruel and inhuman treatment of plaintiff to such a degree as to endanger her health and make it impossible for her longer to live with him." The specific allegations are that "said defendant has continually nagged and cursed plaintiff" and that on August 7, 1931, he struck her while they were at the dinner table. She also charges that in May of 1930 he admitted to her he had contracted a venereal disease,

which he communicated to her. There is one child, the issue of the marriage, born September 1930. She asks for alimony and the permanent custody of the child.

Defendant denies cruel and inhuman treatment, charges that he contracted the disease from plaintiff, and as a cross complaint alleges he has been subjected by the plaintiff to cruel and inhuman treatment by constant nagging and fault finding so as to make life at home unbearable for him; that this has continued for over a year prior to the commencement of the action and that the plaintiff, shortly before the commencement of the action, abandoned the home and took the child with her. He asks for a divorce and expresses himself willing to make reasonable provision for the support of the child.

The trial court granted the plaintiff a decree of divorce with the sole custody of the child, requiring the defendant to pay $45 per month as alimony and support money, together with costs and attorneys' fees in the sum of $100. From the judgment entered in accordance therewith the defendant has appealed.

The complaint is dated August 14, 1931, and the action was commenced about that time.

The parties were married in 1929. There is no proof of cruel and inhuman treatment on the part of either. Plaintiff has utterly failed to show even one instance where the defendant cursed her. About a week before the action was commenced he did slap her. The severity of this action is in dispute, but even according to the plaintiff's version it could not have been very severe. She does admit quarreling at that time. Each charges the other with "nagging." This appears to be true and both are at fault. Just who "began it" is difficult to say.

Each charges the other with having communicated a venereal disease. The origin is not shown nor can we say who had it first. It is undisputed the disease manifested itself fifteen months prior to the commencement of the action; that each was treated for this disease and apparently cured; that immediately thereafter each agreed with the other not to blame the other for it nor mention it again. The record does not show that either party violated this agreement, until the pleadings were drawn. We do not know who is to blame for this trouble; but as the parties lived together fifteen months after the full effect was known the innocent party condoned the injury caused by the other.

Some dispute arose between the parties over financial matters. Defendant is a rural mail carrier with a reasonable salary. For some time he has been contributing $50 per month for the support of his mother. He complains his wife is extravagant, and owing to the fact that he had to support his mother he desired to move out to the mother's farm and save the expense of two households. Plaintiff was willing to do this, provided they lived in separate apartments. Some dispute arose between them regarding this arrangement. Apparently plaintiff left in a huff when she found he insisted on moving to his mother's farm. When she left she took with her dishes, some of the wedding presents, articles of furniture, etc. She says it was a mere visit to her mother. She returned in two days' time and found her husband moving the remainder of the household goods to his mother's farm.

It is useless to set forth further testimony. There is an utter failure of proof showing either party is entitled to a divorce, and when there is such failure both applications will be denied.

There is nothing to indicate that the plaintiff is entitled to the sole custody of the child, especially when she refuses to live with and maintain a home for the defendant. The judgment of the lower court is reversed and the applications for divorce dismissed. Neither side will recover costs, other than the costs already determined by the trial court.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURKE, JJ., concur.